JOHNSTON v. COBB & GREGORY et al. (No. 2152.)

(Court of Civil Appeals of Texas. Texarkana. May 29, 1919.)

1. HIGHWAYS ☞113(4) — CONTRACT — CONSTRUCTION.

Under contract authorizing road district to withhold certain percentage of amount due contractor, and if road cost more than contract price, to apply retained amount on excess cost, a subcontractor of an insolvent contractor, who failed to finish his contract, is not entitled to be paid from retained amount until roads covered by contract have been completed.

2. APPEAL AND ERROR ☞907(3)—STATEMENT OF FACTS—NECESSITY.

Where there is no statement of facts in record, it will be assumed that facts justify trial court's conclusion.

Appeal from District Court, Hopkins County; Wm. Pierson, Judge.

Suit by C. C. Johnston against Cobb & Gregory and others. From an order refusing a temporary injunction, plaintiff appeals. Affirmed.

J. A. Dial, of Sulphur Springs, for appellant.

Clark & Sweeton, of Greenville, for appellees.

HODGES, J. This appeal is from an order refusing a temporary writ of injunction. The petition filed by the appellant, Johnston, in the court below, alleges in substance that Cobb & Gregory had theretofore entered into

a contract with the commissioners of Hopkins county to construct a number of roads in what is denominated "road district No. 1." The roads were to be constructed in accordance with certain specifications prepared by the engineer selected for that purpose. Appellant took a subcontract from Cobb & Gregory, and furnished labor and material to construct a portion of the roads embraced in the original contract. Under the terms of the contract with Cobb & Gregory the commissioners had a right to withhold the payment of 15 per cent. of the installments due upon the estimates prepared by the engineer as the work progressed. The appellant completed that portion of the work assigned to him. Fifteen per cent. of the amount due upon the estimates on his work was withheld. The road district had the right, under its contract, to withhold payment of the 15 per cent. in order to pay labor claims; but the contract provided that, in the event the work of construction cost more than the contract price, the difference should be taken out of the 15 per cent. or out of the bond executed by the contractors. It was also alleged that certain members of the commissioners' court represented to the appellant that the percentage above referred to was retained for the purpose of protecting the appellant's claim; that he was induced to perform labor and furnish the material by the conduct and representations of these officers that they would require the contractors to pay him therefor, and would retain 15 per cent. of the contract price to guarantee that payment. It is averred that the contractors, Cobb & Gregory, are insolvent, and have been discharged from the contract, and that the county is completing the work and threatening to use the money so retained in further construction of the roads covered by the contract. The petition concludes with a prayer that the appellant recover judgment for the percentage retained, represented by the work done and material furnished by him, and that a temporary writ of injunction be issued, restraining the road district from disbursing those funds. Upon a hearing by the district judge the application was refused.

[1] The judgment recites that the court heard evidence upon the facts involved, but there is no statement of facts in the record. It appears from this petition that Cobb & Gregory had abandoned or been discharged from their contract to build the roads projected, and that the commissioners are now retaining the 15 per cent. margin specified in the contract until the work of constructing the roads is completed. This they clearly had a right to do.

[2] We must assume that the facts testified to upon the hearing justified the conclusion reached by the trial judge, and the judgment is affirmed.